**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
_____ District of __Delaware_____
                  (State)

Case number (*If known*): _____  Chapter __11__

☐ Check if this is an amended filing

# Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**

Adara Enterprises Corp.

**2. All other names debtor used in the last 8 years**

Imation Enterprises Corp.

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**

41 - 1838502

**4. Debtor's address**

**Principal place of business**

411   E 57th Street
Number   Street

Suite 1-A

New York    NY    10022
City        State  ZIP Code

New York
County

**Mailing address, if different from principal place of business**

Number   Street

P.O. Box

City    State    ZIP Code

**Location of principal assets, if different from principal place of business**

Number   Street

City    State    ZIP Code

**5. Debtor's website (URL)**

None.

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

---

Official Form 201              Voluntary Petition for Non-Individuals Filing for Bankruptcy              page 1

American LegalNet, Inc.
www.FormsWorkFlow.com

Debtor  Adara Enterprises Corp.    Case number (*if known*) _____
        Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101 (51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

    5239

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒ A plan is being filed with this petition.

    ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201 A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.    District _____    When ___ / ___ / ____   Case number _____
                                                         MM / DD / YYYY
              District _____    When ___ / ___ / ____   Case number _____
                                                         MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No
☐ Yes.   Debtor _____    Relationship _____
       District _____    When ___ / ___ / ____
       Case number, if known _____    MM / DD / YYYY



Debtor  Adara Enterprises Corp.                                    Case number (*if known*)
         Name

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**  _____
                             Number     Street

                             _____
                             _____
                             City                              State    ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
       Contact name       _____
       Phone              _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49            ☐ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99           ☐ 5,001-10,000       ☐ 50,001-100,000
☐ 100-199         ☐ 10,001-25,000      ☐ More than 100,000
☐ 200-999

**15. Estimated assets**

☐ $0-$50,000              ☒ $1,000,001-$10 million       ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million    ☐ More than $50 billion

---

Official Form 201         Voluntary Petition for Non-Individuals Filing for Bankruptcy         page 3

American LegalNet, Inc.
www.FormsWorkFlow.com

Debtor  Adara Enterprises Corp.
        Name

Case number (*if known*) _____

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition
- ■ I have been authorized to file this petition on behalf of the debtor.
- ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/22/2021
             MM / DD / YYYY

✗ /s/ Daniel Strauss
Signature of authorized representative of debtor

Printed name: Daniel Strauss

Title: President and Treasurer

**18. Signature of attorney**

✗ /s/ Ronald S. Gellert
Signature of attorney for debtor

Date  04/22/2021
      MM / DD / YYYY

Ronald S. Gellert

Ronald S. Gellert
Printed name

Gellert Scali Busenkell & Brown, LLC
Firm name

1201 N.   Orange Street, Suite 300
Number    Street

Wilmington                           DE            19801
City                                 State         ZIP Code

302-425-5806                         rgellert@gsbblaw.com
Contact phone                        Email address

4259                                 DE
Bar number                           State

## ACTION BY UNANIMOUS WRITTEN CONSENT
## OF THE BOARD OF DIRECTORS
## OF ADARA ENTERPRISES CORP.

The undersigned, being all of the members of the Board of Directors (the "Board" and each member, a "Director") of Adara Enterprises Corp., a Delaware corporation (the "Corporation"), by execution of this written consent, do hereby take the following actions and adopt the following resolutions (these "Resolutions") authorized thereby, as of April 20, 2021:

**WHEREAS**, each Director consents to the adoption of these Resolutions by written consent and to the taking of any and all actions by the Corporation's President and Treasurer Daniel Strauss (together, the "Authorized Representative"), the Corporation, and the Corporation's employees and representatives necessary or appropriate to give effect to such Resolutions, in each case subject to the terms hereof, and directs that his or her consent be placed in the minutes and records of the Corporation;

**WHEREAS**, by resolution dated as of March 1, 2021, the Directors resolved to appoint William Lenhart to the Corporation's board of directors as an independent director (the "Independent Director");

**WHEREAS**, by further resolution dated as of April 16, 2021, the Directors resolved that the Independent Director would be vested with the sole authority to evaluate and approve all (i) restructuring transactions involving the Corporation; (ii) all transactions involving the Corporation, on the one hand, and its parent GlassBridge Enterprises, Inc. ("GlassBridge"), affiliates of GlassBridge, and/or Insiders (as defined in the United States Bankruptcy Code), on the other hand; and (iii) any transaction involving a conflict of interest with respect to GlassBridge, affiliates of GlassBridge or Insiders;

**WHEREAS**, the Board, including the Independent Director, has determined that it is desirable and in the best interests of the Corporation and its creditors, employees and other parties in interest, that the Corporation file or cause to be filed a voluntary petition seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and thereby commence a chapter 11 case (the "Chapter 11 Case");

**WHEREAS**, the Corporation has prepared the *Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code for Adara Enterprises Corp.* (as may be amended, modified, or supplemented, the "Plan"), together with the *Disclosure Statement for the Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code for Adara Enterprises Corp.* (the "Disclosure Statement") and related documents in support thereof (such documents, with the Plan and Disclosure Statement, the "Plan Documents");

**WHEREAS**, in connection with the Plan and the Chapter 11 Case, the Board, including the Independent Director, has determined that it is in the best interest of the Corporation, its creditors and other parties in interest for the Board to authorize the Corporation (i) to enter into that certain restructuring support and lockup agreement (the "Restructuring Support Agreement") by and among the Corporation, ESW Holdings, Inc. ("ESW"), ESW Capital, LLC, and

GlassBridge and (ii) to borrow not more than $350,000 in debtor-in-possession financing (the "DIP Facility") from ESW on an administrative priority basis;

**WHEREAS**, in furtherance of the foregoing, the Board, including the Independent Director, approves the following Resolutions.

**NOW THEREFORE, BE IT HEREBY:**

**Authorized Representative**

**RESOLVED**, that, notwithstanding anything to the contrary herein, except as expressly authorized herein, no action taken by the Authorized Representative in furtherance of these Resolutions shall be effective absent the written approval of the Independent Director to such action ("Independent Director Approval"), which Independent Director Approval may be evidenced by signature on any document executed by the Authorized Representative memorializing such action or by other written consent, including through electronic mail;

**Restructuring Support Agreement and Plan**

**RESOLVED**, that the Board, including the Independent Director hereby approve the Restructuring Support Agreement and authorize, empower and direct the Authorized Representative, in the name of the Corporation, to execute the Restructuring Support Agreement substantially in the form provided to the Board on the date hereof;

**RESOLVED**, that, subject to Independent Director Approval, the Authorized Representative and any other officer, director or agent designated by the Authorized Representative be and hereby is authorized and empowered to enter on behalf of the Corporation into a restructuring transaction or series of restructuring transactions by which the Corporation will restructure its debt obligations and other liabilities, including but not limited to the restructuring transactions as described in the Restructuring Support Agreement (collectively, the "Restructuring Transactions");

**RESOLVED**, that the Board, including the Independent Director hereby approve the Plan and the Disclosure Statement and authorize, empower and direct the Authorized Representative, in the name of the Corporation, to execute the Plan and Disclosure Statement and, subject to Independent Director Approval, make, execute, deliver and file or to cause to be made, executed, delivered and filed any and all agreements, instruments, certificates and documents as is necessary, convenient or appropriate in furtherance of the Plan Documents;

**RESOLVED**, that, subject to Independent Director Approval, the Authorized Representative is authorized and empowered to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents in furtherance of the Disclosure Statement, the Plan and the Restructuring Transactions (collectively, with the Restructuring Support Agreement, the Disclosure Statement and the Plan, the "Restructuring Documents") and to incur and pay or cause to be paid all fees and expenses and engage such persons as may be necessary to give effect to such Restructuring Transactions;

2

**RESOLVED**, that, subject to Independent Director Approval, the Authorized Representative is authorized, directed and empowered in the name of, and on behalf of, the Corporation to take any and all actions to (i) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of the Restructuring Documents in connection with the Restructuring Transactions, and (ii) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of any Restructuring Transactions.

**Chapter 11 Filing**

**RESOLVED**, that, with respect to the Corporation, the Board, including the Independent Director, after consultation with the Corporation's management, and the legal advisors of the Corporation, has determined that it is desirable and in the best interests of the Corporation, its creditors, and other parties in interest that a voluntary petition be filed by the Corporation in the Bankruptcy Court seeking relief under the provision of chapter 11 of the Bankruptcy Code;

**RESOLVED**, that the Authorized Representative be, and hereby is, authorized, empowered, and directed, to negotiate, execute, deliver, file with the Bankruptcy Court, in the name and on behalf of the Corporation, and under its corporate seal or otherwise, a chapter 11 petition, and subject to Independent Director Approval, all schedules of assets and liabilities, statements, including statements of financial affairs, motions, lists, applications, pleadings, papers, affidavits, declarations necessary to give effect to and prosecute a chapter 11 filing (collectively, the "Chapter 11 Filings"); and

**RESOLVED**, that the Authorized Representative be, and hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Corporation, subject to Independent Director Approval, to take and perform any and all further acts and deeds that the Authorized Representative, in consultation with the Corporation's legal advisors, deem necessary, appropriate, or desirable in connection with the Chapter 11 Case or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses and taxes that are necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, such Chapter 11 Case with a view to the successful prosecution of such Chapter 11 Case (such acts to be conclusive evidence that the Authorized Representative and Independent Director deemed the same to meet such standard.

**Cash Collateral and Debtor-in-Possession Financing**

**RESOLVED**, that the Authorized Representative may, on the terms set forth in the Restructuring Support Agreement, seek Bankruptcy Court approval for the use of the cash collateral granted to ESW under that certain Loan and Security Agreement, dated as of July 21, 2020, by and among the Corporation, ESW and GlassBridge, as parent guarantor (as amended, restated, amended and restated, supplemented, modified or otherwise in effect from time to time) and to execute or otherwise enter into a debtor-in-possession financing agreement with, and to incur debtor-in-possession financing from, ESW in an amount not to exceed $350,000, on the terms set out in the RSA and more specifically in the motion to approve use of Cash Collateral and the DIP Facility to be filed contemporaneously with the Corporation's bankruptcy petition,

3

pursuant to which the Corporation shall be authorized to borrow money on an administrative priority basis, subject to approval of the Bankruptcy Court, or as otherwise approved by the Independent Director;

**Retention of Advisors**

  **RESOLVED**, that the retention of law firms of Loeb & Loeb LLP and Gellert Scali Buskenell & Brown LLC as bankruptcy co-counsel for the Corporation in its Chapter 11 Case is hereby approved, subject to Bankruptcy Court approval;

  **RESOLVED**, that the retention of Donlin Recano & Co, Inc. as claims and noticing agent for the Corporation in its Chapter 11 Case is hereby approved, subject to Bankruptcy Court approval; and

  **RESOLVED**, that, subject to Independent Director Approval, the Authorized Representative be, and hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Corporation, to negotiate, execute, deliver, file and perform any agreement, document or certificate and to take and perform any and all further acts and deeds (including, without limitation, (i) the payment of any consideration and (ii) the payment of fees, expenses and taxes) that the Authorized Representatives deem necessary, proper, or desirable in connection with the Corporation's Chapter 11 Case, including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by these resolutions, with a view to the successful prosecution of the Chapter 11 Case.

**Ratification**

  **RESOLVED**, that the Board, including the Independent Director, hereby ratifies, confirms and approves in all respects any and all past actions heretofore taken by the Authorized Representative or any Director of the Corporation in the name and on behalf of the Corporation in furtherance of any or all of the preceding resolutions.

**General Authorization**

  **RESOLVED**, that, subject to Independent Director Approval, with respect to the Corporation, the Authorized Representatives be and hereby is authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Corporation, to take, cause to be taken, or perform any and all further acts or deeds, including, without limitation, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (ii) the execution, delivery and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes, and other expenses as the Authorized Representative, subject to Independent Director Approval, may approve or deem necessary, appropriate, or desirable to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that the Authorized Representative and Independent Director deemed the same to meet such standard;

**RESOLVED**, that the Secretary of the Corporation is hereby authorized and empowered to certify that these resolutions have been duly adopted to such person or persons as the Secretary deems entitled thereto, and to attest or witness the execution of the documents authorized by the foregoing resolutions, and to sign and affix the Corporation's seal to such documents as may be necessary or appropriate.

The undersigned further certify that the foregoing resolutions are in full force and effect on the date hereof as resolutions duly adopted by the Board of Directors and have been in full force and effect at all times subsequent to their adoption, not having been amended, repealed or modified.

This Action by Unanimous Written Consent (this "Written Consent") may be executed in counterparts, each of which shall be an original instrument but all of which taken together shall constitute one consent. A party may deliver executed signature pages to this Written Consent by facsimile or other electronic transmission, which facsimile or other electronic copy shall be deemed to be an original executed signature page.

*[Remainder of page intentionally blank.]*

**IN WITNESS WHEREOF**, the undersigned, being the members of the Board of Directors of the Corporation, do hereby execute this consent as of the date first set forth above.

*William Lenhart* (DocuSigned)
William K. Lenhart

*[signature]*
Daiana Sersea

*[signature]*
Francis Ruchalski

*[signature]* (DocuSigned)
Alex Spiro

*[signature]*
Daniel Strauss

[Signature page to Written Consent dated as of April 20, 2021]

6

**Fill in this information to identify the case:**

Debtor name  ADARA ENTERPRISES CORP.

United States Bankruptcy Court for the: _____    District of  Delaware
(State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders     12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | N/A | | | | | | |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

Official Form 204    **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**    page 1



**American LegalNet, Inc.**
www.FormsWorkFlow.com

| Debtor | ADARA ENTERPRISES CORP. | Case number (*if known*) |
|---|---|---|
| | Name | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |

Official Form 204            **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**            page 2


American LegalNet, Inc.
www.FormsWorkFlow.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re:

ADARA ENTERPRISES CORP.,[1]

Debtor.

Chapter 11

Case No. 21-_____ (____)

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case:

| Name and Address of Interest Holder | Type of Equity Held | Number of Units |
|---|---|---|
| GlassBridge Enterprises Inc.<br>411 E 57th St Ste 1<br>New York, NY 10022 | Common Stock | 1000 |
| ESW Capital, LLC<br>401 Congress Ave Ste 2650<br>Austin, TX 78701 | Series A Preferred Stock | 100 |

---

[1] The last four digits of the Debtor's federal tax identification number are 8502. The Debtor's address is 411 E 57th Street Suite 1-A, New York, New York 10022.

Dated: April 22, 2021
       Wilmington, Delaware

Respectfully submitted,

**GELLERT SCALI BUSENKELL & BROWN LLC**

*/s/ Ronald S. Gellert*
Ronald S. Gellert (DE 4259)
1201 N. Orange Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile: (302) 425-5814
Email: rgellert@gsbblaw.com

– and –

**LOEB & LOEB LLP**
Daniel B. Besikof (*pro hac vice* pending)
Bethany D. Simmons (*pro hac vice* pending)
345 Park Avenue
New York, New York 10154
Telephone: (212) 407-4000
Facsimile: (646) 417-6335
Email: dbesikof@loeb.com; bsimmons@loeb.com

*Proposed Counsel to the Debtor and Debtor in Possession*

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## _____ District Of Delaware _____

**In re**

    Adara Enterprises Corp.

**Debtor**

Case No. _____

Chapter  11  _____

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 25,000.00

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . $ 25,000.00

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

2. The source of the compensation paid to me was:

   [✓] Debtor       [ ] Other (specify)

3. The source of compensation to be paid to me is:

   [✓] Debtor       [ ] Other (specify)

4. [✓] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   [ ] I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

B2030 (Form 2030) (12/15)

    d.    Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

4/22/2021      *Ronald S. Gellert*    (DE 4259)
*Date*      *Signature of Attorney*

Gellert Scali Busenkell & Brown, LLC
*Name of law firm*